Entered        25-CI-00218    03/10/2026        Paige Parker, Christian Circuit Clerk

**EXHIBIT B**

## COMMONWEATLH OF KENTUCKY
## CHRISTIAN CIRCUIT COURT
### DIVISION II
### CASE NO. 25-CI-00218

JEFFREY D. MAJOR. (pro-se)                                    **PLAINTIFF**

**V.**

JOHN DOE 1 a/k/a "NATALIE HAYES," et al.                     **DEFENDANT**

---

**ORDER FOR POST-JUDGMENT ENFORCEMENT AND TURNOVER, AND APPOINTMENT OF TECHNICAL RECOVERY EXPERT**

---

This matter, having come before the Court on Plaintiff's Consolidated Motion for Post-Judgment Enforcement and Turnover, and Appointment of Technical Recovery Expert pursuant to CR 70, the Court having reviewed the record, the Final Judgment previously entered, the memorandum of law, and being otherwise sufficiently advised:

The Court FINDS, CONCLUDES, AND ORDERS as follows:

I.  JURISDICTION AND AUTHORITY
   a. This Court entered a Final Judgment on 2 July 2025 in favor of Plaintiff.
   b. The Court retains continuing jurisdiction to enforce its Judgment pursuant to CR 69, CR 70, KRS 425.501, KRS 425.506, and its inherent authority to enforce lawful orders.
   c. Custodian Binance was subject to personal jurisdiction under KRS 454.210 and constitutional due process principles in the underlying action.
   d. This post-judgment proceeding is ancillary to the original action and does not require independent jurisdictional grounds.
   e. The digital assets identified in the Final Judgment constitute specific, traceable property subject to turnover.

II.  FINDINGS REGARDING NONCOMPLIANCE
   a. A valid and enforceable Order exists directing turnover by Binance of specifically identified Bitcoin.
   b. Binance had notice of the Judgment and turnover directive.

OO : 000001 of 000005

    c. Binance has failed to transfer the identified Judgment Assets.

    d. The Court finds such noncompliance to be willful.

III. APPOINTMENT OF TECHNICAL RECOVERY EXPERT (CR 70)

    a. Pursuant to CR 70, the Court appoints Decision Maker, LLC, 159 North Wolcott St, Suite 133, Casper, WY 82601, as Technical Recovery Expert.

    b. The Technical Recovery Expert. acts as an officer of the Court for the limited purpose of effectuating transfer of the Judgment Assets, and as such, the actions of the Technical Recovery Expert are covered by quasi-judicial immunity for their acts taken specifically within their scope of authority conferred by this Order.

    c. The Technical Recovery Expert's authority is strictly ministerial and limited to:
        i. Communicating with Binance legal, compliance, and security departments;
        ii. Coordinating technical procedures required for lawful transfer;
        iii. Verifying wallet addresses;
        iv. Confirming blockchain transaction details;
        v. Reporting compliance to the Court.

    d. The Technical Recovery Expert is not authorized to:
        i. Access unrelated Binance systems;
        ii. Access other customer accounts;
        iii. Override security systems;
        iv. Obtain proprietary source code;
        v. Engage in any unauthorized access prohibited by 18 U.S.C. § 1030 (CFAA).

    e. All actions taken by the Technical Recovery Expert must comply with federal and state law.

    f. The Technical Recovery Expert shall file a written compliance report within 10 days following completion of transfer.

IV. IDENTIFICATION OF JUDGMENT ASSETS

    a. The Judgment Assets consist solely of the 262.0714766 Bitcon, plus the accruing statutory interest as identified in the Final Judgment, the equivalent in Bitcoin as of 1 March 2026 being 10.37794 Bitcoin, all particularly found in digital wallet bc1qm34lsc65zpw79lxes69zkqmk6ee3ewf0j77s3h.

    b. This Order applies only to the Judgement portion of assets identified in digital wallet bc1qm34lsc65zpw79lxes69zkqmk6ee3ewf0j77s3h.

    c. Costs and fees associated with the Technical Recovery Expert shall be borne by Custodian at a cost of 10% of the value of the Judgement Assets, particularly 26.2071476 Bitcoin, to be recovered from Custodian in conjunction with the transfer of Judgement Assets.

    d. No other Binance accounts, wallets, customers, or digital assets are subject to this Order.

**V. ORDER OF TURNOVER**

    a. Binance shall immediately, either directly or through the appointed Technical Recovery Expert, transfer the Judgment Assets to the wallet address designated by Plaintiff within no more than 48 hours of receipt of Notice of this Order.

    b. If Binance does not voluntarily act within 48 hours of receipt of Notice of this Order, the Technical Recovery Expert is automatically authorized to take unilateral control of the recovery process to prevent Binance from moving the assets elsewhere.

    c. This order requires Binance to perform any and all technical acts, including the signing of transactions or provision of multi-signature shares.

    d. Binance shall, on demand, provide the Technical Recovery Expert with API access, internal transaction logs, or temporary administrative permissions necessary to facilitate the transfer of the Judgment assets if the wallet is held in a custodial "hot" or "cold" storage system that the Technical Recovery Expert cannot access externally.

    e. The transfer shall be conducted in a secure and forensically documented manner.

    f. Binance shall, either themselves or through the appointed Technical Recovery Expert, provide written confirmation of transfer including the blockchain transaction hash.

**VI. COMMUNICATION AUTHORITY**

    a. For purposes of enforcing this Order, the Technical Recovery Expert may communicate with:

        i. Binance, and their representatives;

        ii. Local law enforcement agencies;

        iii. Kentucky State Police;

        iv. Federal law enforcement and intelligence agencies;

        v. International law enforcement and intelligence agencies;

        vi. Foreign courts or regulatory bodies for recognition proceedings.

OO : 000003 of 000005

b. Such communications shall be limited strictly to facilitating lawful enforcement of this Order.

c. Nothing herein authorizes unlawful access to protected computer systems, beyond recovery of the Judgement Assets.

VII. FEDERAL ENFORCEMENT AND RECOGNITION

a. This Order may be presented to any United States District Court for recognition or enforcement as permitted by law, including under Federal Rules of Civil Procedure 69 and 70.

b. Should Defendant remove this proceeding to federal court, this Order shall remain effective unless modified by the removing court.

VIII. INTERNATIONAL RECOGNITION

a. This Order may be submitted to foreign courts or competent authorities for recognition consistent with principles of international comity.

b. Nothing in this Order compels violation of foreign law.

c. Defendant may petition this Court for clarification if conflict of law issues arise.

IX. DUE PROCESS SAFEGUARDS

a. This Order enforces an existing Final Judgment and does not adjudicate new liability.

b. Relief granted is limited strictly to specifically identified Judgment Assets.

c. Any temporary ex parte relief is narrowly tailored to preserve the status quo.

d. Any sanctions imposed are coercive and purgeable upon compliance.

X. SERVICE

a. Plaintiff shall immediately serve this Order upon Custodian Binance via their Agent of Record with the Kentucky Secretary of State by:

   i. Electronic service;

   ii. Ground Courier; or

   iii. Any other method reasonably calculated to provide actual notice.

XI. RETENTION OF JURISDICTION

a. The Court retains jurisdiction to:

   i. Monitor compliance;

   ii. Modify implementation procedures;

   iii. Enforce Orders; and

OD : 000004 of 000005

iv.  Address any issues regarding execution of Orders.

XII.  CONCLUSION

The Court's Judgment must be effectuated.

Binance's continued custodial control over adjudicated assets and disobedience of this Court's prior orders cannot persist in defiance of this Court's lawful judicial authority.

Accordingly, Plaintiff's Motion is GRANTED as set forth herein.

IT IS SO GRANTED AND ORDERED.

Dated: __3/10/26__

Judge, Christian Circuit Court
Judge John L. Atkins
Christian Circuit Court
100 Justice Way
Hopkinsville, KY  42240

Copies to:

Plaintiff (Pro-Se), Binance and Defendant parties of record

Tendered by:

Jeffrey D. Major, Pro Se
17000 North Madisonville Road
Crofton, KY 42217
Phone: (270) 484-0830
Fax: (270) 424-8300
Email: jeffreyd.major@gmail.com

AS CLERK OF THE CHRISTIAN CIRCUIT/DISTRICT COURT I DO CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL ENTERED OF RECORD IN MY OFFICE IN CHRISTIAN COUNTY, KENTUCKY THIS __4/2/26__
PAIGE PARKER, CHRISTIAN CIRCUIT CLERK
BY__M. Wood__ D.C.

OO : 000005 of 000005