EXHIBIT D

## COMMONWEATLH OF KENTUCKY
## CHRISTIAN CIRCUIT COURT
### DIVISION II
### CASE NO. 25-CI-00218


JEFFREY D. MAJOR  (pro-se)                                        PLAINTIFF


V.


JOHN DOE 1 a/k/a "NATALIE HAYES," et al.                          DEFENDANT

---

BINANCE HOLDINGS LIMITED, BINANCE, BAM MANAGEMENT CO. LIMITED, BAM
MANAGEMENT US HOLDINGS, AND BAM TRADING SERVICES INC. d/b/a BINANCE.US
(collectively, "BINANCE"): NON-PARTY CUSTODIAN IN POSSESSION OF JUDGMENT
ASSETS

---

### ORDER ON PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND COERCIVE SANCTIONS
### AGAINST NON-PARTY CUSTODIAN BINANCE

---

This matter having come before the Court on Plaintiff's Motion for Civil Contempt and
Coercive Sanctions, the Court being otherwise sufficiently advised, and having reviewed
the record,

**IT IS HEREBY ORDERED** as follows:


**I. FINDINGS OF FACT.**

The Court FINDS:

1. This Court previously entered a valid Turnover Order requiring Binance, as a non-
party custodian, to transfer specified Bitcoin assets.

TENDERED

DATE _3/26/26_

BY _M. Wood_                    D.C.

OCT : 000001 of 000005

Entered          25-CI-00218     03/31/2026          Paige Parker, Christian Circuit Clerk

2.  Binance received notice of the Turnover Order through service upon its registered agent, Corporation Service Company.
3.  Binance has failed to comply with the Turnover Order.
4.  Binance has not asserted that compliance is impossible.
5.  Binance retains possession, custody, or control—directly or indirectly—over the subject assets, or access sufficient to effectuate transfer.
6.  Binance has failed to:
    a.  Transfer the assets
    b.  Designate a responsible compliance officer
    c.  Meaningfully engage with the Court-appointed Technical Recovery Expert
7.  Binance's noncompliance is:
    a.  Willful
    b.  Deliberate defiance
    c.  Ongoing obstruction
    d.  A calculated belief that it is beyond the judicial reach of this Court.

## II. CONCLUSIONS OF LAW

The Court CONCLUDES:

1.  This Court possesses inherent authority to enforce its orders through contempt.

    *See Lewis v. Lewis, 875 S.W.2d 862 (Ky. Ct. App. 1994).*

2.  Civil contempt is established upon clear and convincing evidence of:
    *   A valid order
    *   Knowledge of the order
    *   Ability to comply
    *   Willful disobedience

    *See Meyers v. Petrie, 233 S.W.3d 212 (Ky. 2007).*

3.  Binance had notice of the Turnover Order and the ability to comply.
4.  Binance's failure to comply constitutes willful disobedience.
5.  Civil contempt sanctions are appropriate to compel compliance.

    *See Blakeman v. Schneider, 864 S.W.2d 903 (Ky. 1993).*

6.  Pursuant to Kentucky Rule of Civil Procedure 70, this Court may enforce its Order requiring specific acts and ensure compliance through appropriate remedies.

OCT : 000002 of 000005

Entered          25-CI-00218     03/31/2026          Paige Parker, Christian Circuit Clerk

· Entered                25-CI-00218    03/31/2026                    Paige Parker, Christian Circuit Clerk

## III. ORDER OF CONTEMPT

IT IS HEREBY ORDERED that:

Binance Holdings Limited, Binance, BAM Management Co. Limited, BAM Management US Holdings, and BAM Trading Services Inc. d/b/a Binance.US, collectively "Binance" operate as a single integrated custodial enterprise are FOUND IN CIVIL CONTEMPT OF COURT.

## IV. ORDER TO COMPLY (PURGE CONDITION)

1. Binance SHALL fully comply with this Court's Turnover Order within seventy-two (72) hours of entry of this Order.
2. Compliance shall include cooperation with the Court-designated Technical Recovery Expert (TRE) to effect the transfer of the specified Bitcoin assets by the TRE using reasonable and secure methods as prescribed by the TRE.
3. Full compliance SHALL constitute purge of contempt.

## V. COERCIVE MONETARY SANCTIONS

1. If Binance fails to fully comply within seventy-two (72) hours of entry of this Order:
   a. Binance SHALL pay a coercive fine of the greater monetary value of one Bitcoin in US dollars or $50,000 us dollars per day, beginning on the 4th day after entry of this Order.
   b. If noncompliance continues seven (7) days following entry of this order, the fine SHALL increase to the greater monetary value of two Bitcoin in US dollars or $100,000 US dollars per day.
   c. These fines are automatically accruing.
2. These sanctions are coercive and conditional and SHALL cease upon full compliance.
3. Liability for sanctions is joint and several among all Binance entities named herein.

## VI. DESIGNATION OF RESPONSIBLE OFFICER

1. Within forty-eight (48) hours of entry of this Order, Binance SHALL:
   a. Designate a specific officer or agent responsible for compliance with this Order.
   b. Provide that individual's name, title, and direct contact information to the Court and Plaintiff.

OCT : 000003 of 000005

Entered                25-CI-00218    03/31/2026                    Paige Parker, Christian Circuit Clerk

· Entered            25-CI-00218    03/31/2026        Paige Parker, Christian Circuit Clerk

2. Failure to designate a responsible officer SHALL constitute additional evidence of noncompliance.

3. Failure of the designated responsible officer to fully comply with this Court's orders SHALL constitute personal contempt.

## VII. AUTHORITY OF TECHNICAL RECOVERY EXPERT

The Court-appointed Technical Recovery Expert is hereby authorized to:

1. Communicate directly with Binance personnel
2. Determine and Specify reasonable technical procedures for transfer
3. Receive cooperation from Binance personnel necessary to effectuate full compliance.
4. Perform the digital transfer in conjunction with the Christian County, Kentucky Sheriff's Office, Kentucky State Police, U.S. Marshals Service or other law enforcement agency who will provide a physical presence to ensure compliance.

Binance SHALL fully cooperate in good faith with the Technical Recovery Expert and law enforcement.

## VIII. RESERVATION OF AUTHORITY

The Court expressly reserves jurisdiction to:

1. Modify or increase sanctions as necessary
2. Enter additional enforcement orders under CR 70
3. Impose further coercive measures to secure compliance

## IX. FINALITY

This Order is effective immediately and enforceable upon entry.

**IT IS SO ORDERED.**

Dated: ___3/31/26___

_____
Judge, Christian Circuit Court

Judge John L. Atkins
Christian Circuit Court
100 Justice Way
Hopkinsville, KY 42240

Entered            25-CI-00218    03/31/2026

Copies to:

Plaintiff (Pro-Se), Binance and Defendant parties of record

Tendered by:
Jeffrey D. Major, Pro Se
17000 North Madisonville Road
Crofton, KY 42217
Phone: (270) 484-0830
Fax: (270) 424-8300
Email: jeffreyd.major@gmail.com

AS CLERK OF THE CHRISTIAN CIRCUIT/DISTRICT
COURT I DO CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL ENTERED OF
RECORD IN MY OFFICE IN CHRISTIAN COUNTY,
KENTUCKY THIS 4/2/26
PAIGE PARKER, CHRISTIAN CIRCUIT CLERK
BY_____M.Wood_____D.C.